# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-637-RJC-DCK

| | |
|---|---|
| SELEX ES INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NDI TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant NDI Technologies, Inc.'s Motion To Dismiss For Improper Venue, Or Alternatively, To Transfer Pursuant To 28 U.S.C. § 1406(a)" (Document No. 7) filed March 16, 2021. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will direct that this motion to dismiss be denied as moot.

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). In this case, Plaintiff timely-filed a "First Amended Complaint" (Document No. 9) on March 30, 2021.

Based on the "First Amended Complaint" (Document No. 9), and the fact that Defendant has since filed a revised "….Motion To Dismiss The First Amended Complaint…" (Document No. 10), Defendant's original "…Motion To Dismiss…" (Document No. 7) is now moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

**IT IS, THEREFORE, ORDERED** that "Defendant NDI Technologies, Inc.'s Motion To Dismiss For Improper Venue, Or Alternatively, To Transfer Pursuant To 28 U.S.C. § 1406(a)" (Document No. 7) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: October 12, 2021

David C. Keesler
United States Magistrate Judge